## In re HOBBS' ESTATE. *

## CLAMP v. LAWLEY et al.

### (No. 7692.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1927. Rehearing Denied March 2, 1927.)

Trusts ⬅160(3)—Clause in will appointing attorney of estate to advise executor held not to authorize attorney to interfere in appointment of devisee's trustee.

Clause in will appointing attorney of estate and requiring executor to be under his direction *held* not to authorize him to interfere in appointment of trustee to care for property of devisee until devisee reached age, when, under will, he could take personal charge of property, where there was no executor, and estate had been partitioned.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

In the matter of trusteeship of the estate of Louis Edward Hobbs. Proceeding by Louis Edward Hobbs to have Nannie B. Lawley appointed trustee, in which C. C. Clamp intervened. Nannie B. Lawley was appointed trustee, and the intervener appeals. Affirmed.

S. S. Searcy, of San Antonio, for appellant.

Wm. C. Church, Douglas Lawley, and James V. Graves, all of San Antonio, for appellees.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 27, 1927.

FLY, C. J. On April 26, 1926, Louis Edward Hobbs filed a pleading, in which he alleged that he was 21 years of age, and continued as follows:

"That heretofore, to wit, on or about the 17th day of August, A. D. 1914, George W. Hobbs, Sr., the father of your applicant, died in Tom Green county, Tex., leaving an alleged will, which was purported to have been probated by the county court of Bexar county, thereafter, to wit, on the 21st day of May, A. D. 1915; that said alleged will attempts to dispose of the estate of the testator, George W. Hobbs, Sr.; that said alleged will provides that the portion of said estate bequeathed thereunder to this applicant, Louis Edward Hobbs, shall not be delivered to the applicant until he shall have attained the age of 21 years, but that the same shall be held in trust by a trustee named in said will during all of said time; that the trustee and executor named in said will refused and declined to qualify; that thereafter the court appointed an administrator with the will annexed, who qualified by giving the required bond, which was approved by the court; that subsequently, by pretended partition of said estate, the whole of said estate was divided among various persons, all of whom, except this applicant, had no interest therein; that the portion of said estate given to this applicant under said pretended partition was delivered to the guardian of this applicant, who had theretofore been appointed as such guardian by the county court of Bexar county, Tex., and who had duly and legally qualified as such by giving the required bond; that said guardian has since said time had, controlled, and managed all of the estate of this ward that was delivered to him under the pretended partition as aforesaid; that shortly after the pretended partition aforementioned the administration upon the estate of George W. Hobbs, Sr., was closed; that, by reason of the refusal and declining to act of the original trustee in said will, there has never been appointed a trustee to carry out the terms of said alleged will with reference to the holding in trust of that portion of said estate bequeathed thereunder to this applicant; that this applicant attained the age of 21 years on the 12th day of April, A. D. 1926; that prior to said date Nannie B. Lawley was guardian of the person and estate of this applicant, she having been duly and legally appointed by the honorable county court of Bexar county and having duly qualified by having executed the necessary bond required by law; that the said Nannie B. Lawley has had charge of this applicant for more than 10 years; that she has reared and educated this applicant; that the said Nannie B. Lawley, as guardian of the estate of this applicant, has had the management and control of the estate of this applicant, and has handled the same in a prudent, discreet, and business-like manner to the best interest and advantage of this applicant; that the said Nannie B. Lawley is in every respect and particular qualified and is the proper and competent person to continue in the management and control of this estate of this applicant under the terms of said alleged will as trustee until this applicant shall have attained the age of 25 years."

The applicant prayed that Nannie B. Lawley be appointed trustee of the property and be required to execute a good and sufficient bond and be paid the same fees as a guardian. The court heard the application for the appointment of a trustee and entered the following order:

"It is therefore ordered, adjudged, and decreed by the court that the application of the said Louis Edward Hobbs be and it is hereby in all things granted and that the said Nannie B. Lawley be and she is hereby appointed trustee of the property and estate of the said Louis Edward Hobbs as in his said application prayed for; that the said Nannie B. Lawley shall, as trustee, execute a good and valid bond, payable to Louis Edward Hobbs, for the sum of $30,000; that the said Nannie B. Lawley be and she is hereby allowed as compensation as trustee for handling said property and estate the same compensation allowed by law to a guardian; that the said Nannie B. Lawley be and she is hereby authorized directed to employ such legal counsel as to her may be necessary in the proper administration of said estate; that the said Nannie B. Lawley, as such trustee, administer such trusteeship under the proper orders of this court; and that the said Nannie B. Lawley be and she is hereby further directed to return into this court an inventory and appraisement of all of the property and estate of the said Louis Edward Hobbs delivered to her as trustee."

C. C. Clamp was permitted to file a motion in intervention in the case, in which it was sought to set aside the order appointing Mrs. Lawley trustee of the estate and that some other person be appointed in her place and stead as trustee. The motion set out in detail many of the events in the life of George W. Hobbs, the maker of the will, about the execution of the will, the probating thereof and many other things not necessary to mention, and also stated that he was the attorney of George W. Hobbs for 30 years prior to his death, and was trustee of his estate after his death, and up to the time it was settled had been guardian of the estate of Edward Louis Hobbs; that Mrs. Lawley was appointed guardian of the person and estate of said Edward Louis Hobbs, on or about February, 1925, and was still guardian of his estate. Appellant showed no ground upon which to base an intervention, except that the appointment of the trustee was an ex parte proceeding; intervener not having been notified, although he, as the "testamentary attorney of the estate of George W. Hobbs, deceased, and under the will of the said Geo. W. Hobbs, deceased, was entitled to notice of said application for appointment of trustee." The court sustained a general demurrer to the motion of C. C. Clamp, "the court holding that the language and verbiage of the will of George W. Hobbs, item VI, was not intended by the testator to be followed without deviation and to create a trust in favor of C. C. Clamp, or give the said Clamp any property right in this estate, but was intended as suggestion only, and that the

said Clamp has no such interest in said estate, as shown by his pleading filed herein, which would authorize him to appear herein for any purpose and contest the appointment of the said Lawley as trustee, and the court is of the opinion that said motion is not sufficient because it alleges no acts of waste or misconduct on the part of said trustee since her appointment and qualification."

The clause in the will referred to in the judgment as item VI, upon which appellant relied for authority to intervene in the trusteeship, was as follows:

"I nominate and appoint my attorney, C. C. Clamp, as the attorney of this estate, and the said executor shall be under his direction and advice in handling said estate under the terms of this will. His fees to be a charge against the said estate, independent of the executor's fees."

The allegations of the motion of appellant showed that there was no executor; that the estate had been partitioned and all that remained was that part of the estate bequeathed to Edward Louis Hobbs. He sought to protect his part of the estate by placing it in the hands of a trustee of his choosing until the remaining 4 years had elapsed and he became 25 years old, and could take personal charge of his property. Appellant failed to show any right or authority to interfere with the property of Edward Louis Hobbs and the court properly sustained a general demurrer to the motion in intervention.

It is apparent from the language of the will that appellant was appointed attorney chiefly to advise and direct the executor, and, when the executor declined to act, and there was really no necessity for such executor, the appointment of the attorney became a dead letter. There was no field for his advice or services.

The judgment is affirmed.